IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                                          CRIMINAL NO. 3:11-cr-00087(DCB)(LRA)
                                                CIVIL NO. 3:15-cv-00505(DCB)
                                                CIVIL NO. 3:15-cv-00540(DCB)

ERIC WILKES                                                                 DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Motions of the Defendant, Eric Wilkes, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[docket entries no. 63 and 65]** pursuant to 28 U.S.C. § 2255. Having carefully considered said Motions and applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Wilkes was indicted on October 18, 2011, on five counts of narcotics violations under 21 U.S.C. § 841(a)(1). On April 3, 2012, pursuant to a Plea Agreement,[1] Wilkes pleaded guilty to Count 4 which charged him with distributing methylenedioxymethamphetamine on September 10, 2009. On August 27, 2012, this Court entered its judgment sentencing Wilkes to 151 months incarceration and three years of supervised release. On August 28, 2012, Wilkes appealed his conviction. The appeal was dismissed on February 13, 2013.

On January 3, 2014, Wilkes filed an initial Motion under 28

_____

[1] Two documents comprise the Plea Agreement: the Plea Agreement itself and a Plea Supplement.

U.S.C. § 2255 despite waiving his right to do so,[2] asserting that he was denied effective assistance of counsel during the pre-plea phase of his case. The Court denied the Motion, dismissed his habeas claim with prejudice, and denied a Certificate of Appealability on June 6, 2015. Order, pp. 6-7. ECF No. 61. Wilkes filed a second Motion under 28 U.S.C. § 2255,[3] asserting that in light of the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), "[a]ny fact that by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and proven beyond a reasonable doubt." Mot. Vacate p. 2, ECF No. 63. In addition, Wilkes filed a third Motion under 28 U.S.C. § 2255, again asserting that his "convictions were not submitted to the jury." Mot. Vacate p. 4, ECF No. 65. The Court will address the 2255 Motions together because they assert the same grounds for relief and because the same analysis and reasoning will apply to both.[4]

---

[2] As part of his Plea Agreement, Wilkes expressly waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including . . . a motion brought under Title 28 United States Code, Section 2255." Guilty Plea Tr., p. 4-5. ECF No. 25.

[3] Although Wilkes's second Motion was not filed one the standard form, the Court recognizes that a "movant should not be barred from an appropriate remedy because he has misstyled his motion." see Rules Governing § 2255 Proceedings, Rule 2 and advisory committee note (citing United States v. Morgan, 346 U.S. 501, 505 (1954).

[4] The Court recognizes that some courts will not treat a letter motion as a motion under § 2255 and require the use of a standard form. United States v. Zarate, No. CR C 03 8, 2006 WL 3805652, at *2 (S.D. Tex. Dec. 22, 2006). Further, Wilkes's third Motion uses the correct form and makes the same arguments. It is arguable that these Motions should be construed as one; however,

Wilkes however, failed to take a mandatory procedural step prior to filing his Habeas Motions. Section 2255 provides that "a second or successive motion <u>must</u> be certified as provided in section 2244 by a panel of the appropriate court of appeals" to contain either "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h)(2008)(emphasis added). "Before a second or successive application is permitted . . . an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A)(1996). "A petitioner's failure to seek authorization from an appellate court before filing a second or successive habeas petition 'acts as a jurisdictional bar.'" <u>Williams v. Thaler</u>, 602 F.3d 291, 301 (5th Cir. 2010)(quoting <u>United States v. Key</u>, 205 F.3d 773, 774 (5th Cir. 2000)). Furthermore, "[i]f a second or successive section 2255 motion is filed in the district court before [leave of the Court of Appeals] has been obtained, the district court may either dismiss the motion for lack of jurisdiction, or it may transfer the motion to [the Court of Appeals]." <u>In re Hartzog</u>, 444 F. App'x 63, 65 (5th Cir. 2011)(citing <u>Key</u>, 205 F.3d at 774).

In addition, Wilkes's reliance on the ruling in <u>Alleyne</u> is unwarranted because the Fifth Circuit has previously held that <u>Alleyne</u> did not announce a new rule of law to support a second or successive Section 2255 motion. <u>See In re Kemper</u>, 753 F.3d 211, 212 (5th Cir. 2013). "<u>Alleyne</u> is a direct criminal appeal. . . and

_____

for sake of clarity the Court shall treat them separately.

therefore did not involve a retroactive application of a rule on collateral review. Thus the Supreme Court did not declare that <u>Alleyne</u> applies retroactively on collateral review." <u>Id</u>.

The Court's reasoning for dismissal of Wilkes's successive Section 2255 Motions is two-fold: (1) Petitioner Wilkes failed to seek authorization from the Fifth Circuit Court of Appeals prior to filing his second and third Section 2255 Motions, depriving the Court of jurisdiction to hear the Motions; and (2) The Supreme Court's decision in <u>Alleyne</u> does not apply retroactively to cases under collateral review. For the foregoing reasons the Court will dismiss both 2255 Motions for lack of jurisdiction.

IT IS HEREBY ORDERED that the Defendant's Motions to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 **[docket entries no. 63 and 65]** are DENIED.

SO ORDERED this 27th day of August 2015.

<u>/s/ David Bramlette</u>

UNITED STATES DISTRICT JUDGE